UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                      Case No. 17-CR-167

DERRICK L. HARRIS,

    Defendant.

DECISION AND ORDER ON DEFENDANT'S PRETRIAL MOTIONS AND
RECOMMENDATION ON DEFENDANT'S
MOTION TO CONTINUE THE TRIAL DATE

On October 3, 2017, the grand jury returned a three-count indictment against defendant Derrick L. Harris and three other defendants. Harris is charged with conspiracy to engage in conduct that caused damage to the tangible property of A.V. and threatened to cause bodily injury to A.V., in retaliation against A.V. for providing information to a law enforcement officer related to the commission of a drug conspiracy, in violation of 18 U.S.C. § 1513(f). Harris is also charged with attempt to kill A.V. in retaliation for A.V. providing information to law enforcement, in violation of 18 U.S.C. § 1513(a)(1)(B) and 2. Finally, Harris is charged with using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 2. Harris was arraigned on the charges and entered a plea of not guilty. Final Pretrial conference and jury trial are scheduled before the Honorable Judge Stadtmueller on December 27, 2017 and January 2, 2017, respectively.

Before me are Harris' pretrial motions. First, Harris moves the Court to order the government to produce certain discovery listed in his motion. (Docket # 38.) Second, Harris

requests that his case be severed from that of his co-defendants. (Docket #39.)[1] Third, Harris moves to continue the trial date. (Docket # 56.) For the reasons discussed below, I will deny Harris' motion for discovery as moot and deny Harris' motion for severance without prejudice. I recommend that Harris' motion to continue the trial date be granted.

**BACKGROUND**

As noted above, a grand jury in this district returned a three-count indictment against Harris, along with three other defendants, Jose Lazcon, Rashawn Bumpus, and Michael Bonds. The indictment alleges that on or about August 8, 2017, the defendants knowingly conspired with one another to engage in conduct that caused damage to the tangible property of A.V. and threatened to cause bodily injury to A.V., in retaliation against A.V. for providing information to a law enforcement officer related to the commission of a Federal offense, namely the drug conspiracy charged in *United States v. Tirado, et al.*, Case No. 16-CR-168. Harris and Lazcon are also charged with attempt to kill A.V. in retaliation for A.V. providing information to a law enforcement officer relating to the commission of a Federal offense and with using a firearm during a crime of violence.

**ANALYSIS**

1. *Motion for Discovery*

Harris filed a motion for discovery requesting the following: (1) the opportunity to inspect the informant's vehicle; (2) the opportunity to examine the defendant's cell phone; (3) all discovery in *United States v. Tirado*, Case No. 16-CR-168; (4) *Giglio v. U.S.*, 405 U.S.

---

[1]Harris also filed a motion to suppress (Docket # 53) on the grounds that evidence of damage to A.V.'s car was destroyed by the prosecution. The vehicle was subsequently recovered and Harris has conditionally withdrawn his motion to suppress. (Docket # 59.) Harris asks that he be allowed to re-file his suppression motion if expert testing reveals that the damage is no longer subject to accurate testing. The government does not object to a refiling of the suppression motion at a later date. Thus, Harris' suppression motion is withdrawn, subject to Harris being allowed to re-file the motion if circumstances warrant.

150 (1972) material for all government witnesses; (5) evidence showing that the defendant was part of a conspiracy to intimidate witnesses; (6) exculpatory evidence; and (7) expert tests, examinations, or reports. (Docket # 38.) The government opposes the motion, arguing that Harris failed to comply with Criminal L.R. 16 (E.D.Wis.), which provides that any motion for discovery must be accompanied by a written statement that the movant has in good faith conferred or attempted to confer with the government. Harris replied, stating that a conference with the government was held on November 27, 2017. (Docket # 51.)

It appears from Harris' reply brief that the government responded to all of his inquiries. Thus, Harris' motion for discovery is denied as moot.

*2. Motion for Severance*

Under Fed. R. Crim. P. 8(b), two or more defendants may be charged in a single indictment if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. Harris seems to argue that joinder is improper because "there will be a complete failure of proof that Derrick Harris had any knowledge of the C.I.'s role as an informant in a federal drug conspiracy." (Docket # 39 at 3.) The test for proper joinder, however, is what the indictment charges, not what the evidence shows. *United States v. Marzano*, 160 F.3d 399, 401 (7th Cir. 1998). There is a presumption that co-conspirators who are indicted together are appropriately tried together. *United States v. Smith*, 995 F.2d 662, 670 (7th Cir. 1993). Harris has not overcome the presumption of joinder.

However, Fed. R. Crim. P. 14 allows the court to sever defendants properly joined under Rule 8. Rule 14(a) provides: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the

government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." When defendants have been properly joined under Fed. R. Crim. P. 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence. *Zafiro v. United States*, 506 U.S. 534, 539 (1993). It is the defendant's burden to demonstrate a strong showing of prejudice. *United States v. Moya–Gomez*, 860 F.2d 706, 767–68 (7th Cir. 1988). A mere showing of some prejudice will not warrant severance. *United States v. Madison*, 689 F.2d 1300, 1305 (7th Cir. 1982). Rather, the defendant must show that he is unable to obtain a fair trial without severance. *United States v. Thornton*, 197 F.3d 241, 255 (7th Cir. 1999).

The Seventh Circuit has outlined four settings in which actual prejudice might result from a denial of a motion for severance: (1) conflicting and irreconcilable defenses; (2) a massive and complex amount of evidence that makes it almost impossible for the jury to separate evidence as to each defendant; (3) a co-defendant's statement that incriminates the defendant; and (4) a gross disparity of evidence between the defendants. *United States v. Clark*, 989 F.2d 1490, 1499 (7th Cir. 1993).

In this case, Harris argues that severance is proper because the government's evidence against Harris' involvement in the conspiracy to attack the informant is weak. (Docket # 50 at 4.) Harris further argues that the government will present evidence that Lazcon was aware of a large meth conspiracy involving a vicious street gang. (Docket # 39 at 4.) He argues that the jury will lump Harris in with a violent street gang. (*Id.*)

To the extent that Harris argues there is a gross disparity of evidence between the defendants, the fact that the government has greater evidence against one co-defendant does not automatically give the other defendant grounds for severance. *United States v. Studley*, 892 F.2d 518, 524 (7th Cir. 1989). Rather, the relevant inquiry is whether it is within the jury's capacity to follow the court's limiting instructions requiring separate consideration for each defendant and the evidence admitted against him. *Id.* Juries are presumed capable of sorting through the evidence and considering the cause of each defendant separately. *Id.* Harris has not shown that the evidence presented at trial will be so complex and intertwined that the jury will be incapable of following the court's instructions and render a separate determination as to each defendant's guilt or innocence. *See id.*

Harris' contention that severance is warranted because he will be prejudiced by spillover evidence of "a vicious street gang's huge meth conspiracy" also fails. This is not a case where Harris is charged in the same indictment as the *Tirado* drug conspiracy. More importantly, the government need not prove the underlying *Tirado* drug conspiracy in Harris' trial. Rather, to prove a defendant is guilty of retaliating against an informant, the government must show that the defendant engaged in conduct that caused or threatened a person with bodily injury or damage to tangible property with the intent to retaliate against that person for "any information relating to the commission or possible commission of a Federal offense . . . given by a person to a law enforcement officer." 18 U.S.C. § 1513(b)(2). Simply stated, while the government will need to show that the target of the alleged retaliation was an informant in a federal investigation, the government does not get to prove the federal offense in its retaliation case. Harris is protected in this regard by both Fed. R.

Evid. 401 and 403. Thus, there is no danger that the jury will "lump [Harris] in with the violent street gang."

I will, therefore, deny Harris' motion for severance without prejudice. As the case develops, there may be a scenario that warrants severance as articulated in *Clark*, such as conflicting and irreconcilable defenses or a co-defendant's statement that incriminates the defendant. If such a scenario arises, Harris' motion can be revisited.

*3.     Motion to Continue Trial Date*

Harris moves to continue the trial date on the grounds that he needs additional time to obtain an expert opinion that he argues is essential to his defense. (Docket # 56.) Harris is charged with various crimes including attempted murder of a government informant, largely based upon his firing of a shot on August 8, 2017, which the government contends was fired at the informant to kill him, and which allegedly struck the driver's side rear door of the informant's vehicle. Harris contends that he fired a warning shot into the air to prevent the informant from shooting at him.

On October 16, 2017, Harris requested the government preserve the evidence of the alleged bullet damage. Harris contends that the government did not address this request until November 27, 2017, at which time Harris learned that the evidence of the bullet damage had been destroyed (as the vehicle had been repaired). Harris filed a suppression motion on that basis. On November 30, 2017, however, Harris learned that the car damage had not, in fact, been repaired, but that the informant had sold the car to a third party and the government had located the car.

Harris immediately reached out to a ballistics expert. However, because of scheduling conflicts in pre-existing cases, the expert can not perform testing until after mid-January, 2018. Trial is scheduled to start in this case on January 2, 2018.

Given the fact Harris did not learn of this evidence until late November 2017 (despite requesting the evidence in October) and immediately reached out to an expert, and given the potential importance of this ballistics testing to Harris' defense, I recommend that the court finds that Harris has shown good cause for the continuance and that the court grant Harris' motion.

**NOW, THEREFORE, IT IS ORDERED** that the Harris' motion for discovery (Docket # 38) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Harris' motion for severance (Docket # 39) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Harris' motion to suppress (Docket # 53) is **WITHDRAWN**, subject to Harris being allowed to re-file the motion if circumstances warrant.

**IT IS FURTHER RECOMMENDED** that the court grant Harris' motion to continue the trial date (Docket # 56).

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of the recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent

directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 7th day of December, 2017.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge