UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

 Plaintiff,

 v.             Case No. 17-CR-167

DERRICK L. HARRIS,

 Defendant.

RECOMMENDATION ON DEFENDANT'S SECOND
MOTION TO CONTINUE THE TRIAL DATE

  On December 1, 2017, Derrick Harris moved to continue the trial date on the grounds that he needed additional time to obtain an expert opinion that he argued was essential to his defense. (Docket # 56.) I recommended the court grant the motion, and the motion was granted on December 13, 2017. Jury trial before the Honorable Judge Stadtmueller is scheduled for March 19, 2018. (Docket # 66.)

  Harris now moves for a second continuance of the trial date. (Docket # 88.) After the first continuance was granted, Harris moved to have firearms expert John Nixon appointed in this case. (Docket # 74.) Harris was instructed by the Court to ask whether Harris and the government could cooperate on the testing of the vehicle to save money, and Harris asked the government to perform the lead and copper test of the mark on the car. (Docket # 88 at 2.) The government agreed. Harris was informed by the government that the test was completed and the report should be ready by February 23, 2018. (*Id.*) The government also informed Harris that the test did not reveal traces of copper and lead, but that the

government firearms expert would still opine that the mark was consistent with a bullet strike. (*Id.*)

Harris wishes to present expert opinion from Nixon to rebut the government's expert and Harris has reached out to Nixon; however, Nixon informed Harris that he would be involved in cases on the west coast until May 2018, and also in June 2018, but that his schedule would ease up in May and after June 2018. (*Id.* at 3.) Harris argues that he has a right to have an expert to counter the government's expected expert testimony and to show that the damage was not from a bullet and was instead fabricated by the informant. (*Id.*) Harris argues that because this information is essential to his defense and because the delay was not caused by the defendant, trial should be adjourned until July 2018. (*Id.*) Harris asserts that adjourning the trial until July 2018 would give the defense time to renew its motion to appoint Nixon as an expert and to litigate any *Daubert* motions. (*Id.* at 3-4.)

The government opposes Harris' motion, arguing that the parties mutually agreed on the March 19, 2018 trial date with the expectation that all witnesses, including potential witnesses, would be available on that date. (Docket # 89 at 1-2.) The government further argues that it too has a right to a speedy trial.

I held a hearing on Harris' motion on February 22, 2018. At the hearing, Harris argued that he still has not received the report from the government's expert. The government informed me that while its expert hopes to deliver the report by February 23, 2018, the expert has been addressing other pressing matters and the report would be delivered to Harris as soon as the government receives it. Harris argued that although the parties previously agreed on the March trial date, he had not officially retained Nixon due

to his motion to appoint him as an expert being put on hold while the government's expert conducted the testing.

The government continues to oppose the motion but suggests that if the motion is granted, it be for a shorter period of time. Co-defendant Jose Lazcon does not oppose the requested continuance.

Harris is facing very serious charges and the ballistics evidence is important to his defense. Harris has a right to present his defense and I find his defense may be prejudiced if he is not allowed an opportunity to rebut the evidence presented by the government's expert. Harris has represented to the Court that no other expert besides Nixon is available to review the evidence in this case and that Nixon has a very busy schedule.

For all of these reasons, I recommend that the Court finds that Harris has shown good cause for the continuance and that the Court grant Harris' motion. However, because this is Harris' second motion to continue the trial, an extension until July is not warranted. Therefore, I further recommend the court grant a shorter extension of time. Harris is ordered to confer with Nixon regarding his availability for trial and then to confer with the government and submit a letter to the trial court with a new proposed trial date.

**NOW, THEREFORE, IT IS RECOMMENDED** that the Court grant Harris' motion to continue the trial date (Docket # 88); however, it is recommended that the trial be scheduled prior to July 2018.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of the recommendation or

order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 23rd day of February, 2018.

BY THE COURT

_s/Nancy Joseph_
NANCY JOSEPH
United States Magistrate Judge