UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                         Case No. 17-CR-167

DERRICK L. HARRIS,

    Defendant.

---

### RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS

---

On October 3, 2017, the grand jury returned a three-count indictment against defendant Derrick L. Harris and three other defendants. Harris was charged with conspiracy to engage in conduct that caused damage to the tangible property of A.V. and threatened to cause bodily injury to A.V., in retaliation against A.V. for providing information to a law enforcement officer related to the commission of a drug conspiracy, in violation of 18 U.S.C. § 1513(f). Harris was also charged with attempt to kill A.V. in retaliation for A.V. providing information to law enforcement, in violation of 18 U.S.C. § 1513(a)(1)(B) and 2. Finally, Harris was charged with using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 2.

On May 22, 2018, the grand jury returned a superseding indictment against Harris and Jose Lazcon (the other two defendants pled guilty). Harris and Lazcon are charged in Count One with retaliation against an informant, in violation of 18 U.S.C. §§ 1513(b)(2) and 2 and in Count Two with discharge of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2. (Docket # 123.)

Before me is Harris' motion to dismiss the superseding indictment. (Docket # 130.) Harris argues that Count One should be dismissed as duplicitous and Count Two should be dismissed as it is not based upon a crime of violence. For the reasons explained below, it is recommended that Harris' motion to dismiss be denied.

## BACKGROUND

As noted above, a grand jury in this district returned a two count superseding indictment against Harris and Lazcon. The indictment alleges that on or about August 8, 2017, Harris and Lazcon knowingly engaged in conduct that caused damage to the tangible property of A.V. and threatened to cause bodily injury to A.V., in retaliation against A.V. for providing information to a law enforcement officer related to the commission of a Federal offense, namely the drug conspiracy charged in *United States v. Tirado, et al.,* Case No. 16-CR-168. Harris and Lazcon are also charged with using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence, specifically the alleged retaliation charged in Count One of the superseding indictment.

Harris argues that Count One is duplicitous because it charges him with retaliating against the informant by either damaging the tangible property of the informant, or threatening to cause him bodily injury. (Def.'s Br. at 3, Docket # 130.) Harris argues that these are "very different ways of retaliating against a witness, and constitute two separate offenses joined in one count." (*Id.*) Harris argues that Count Two charges him with using a firearm during and in relation to a crime of violence; however, the predicate offense charged in Count One does not constitute a crime of violence. I will address each argument in turn.

## ANALYSIS

*1. Duplicity: Count One*

Harris argues that Count One should be dismissed as duplicitous because Harris is charged with two "very different ways of retaliating against a witness" that constitutes two separate offenses joined in one count. (Def.'s Br. at 3.) Harris argues that a general verdict on Count One would not allow any certainty that the jury agreed on the nature of the offense. Count One of the superseding indictment charges that Harris:

> [K]nowingly engaged in conduct that caused damage to the tangible property of A.V. and threatened to cause bodily injury to A.V., in retaliation against A.V. for providing information to a law enforcement officer related to the commission of a Federal offense, namely the drug conspiracy charged in *United States v. Tirado, et al.,* Case No. 16-Cr-168.
>
> In violation of Title 18, United States Code, Sections 1513(b)(2) and 2.

Section 1513(b)(2) provides that:

> Whoever knowingly engages in any conduct and thereby causes bodily injury to another person or damages the tangible property of another person, or threatens to do so, with intent to retaliate against any person for any information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings given by a person to a law enforcement officer or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both.

Fed. R. Crim. P. 7(c)(1) provides that a count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means. An indictment that charges two or more distinct offenses within a single count is duplicitous. *United States v. Miller*, 883 F.3d 998, 1003 (7th Cir. 2018); *United States v. Berardi*, 675 F.2d 894, 897 (7th Cir. 1982). "A count is not duplicitous, however, if it simply charges the commission of a single offense by different means." *Berardi*, 675 F.2d at 897. The Seventh Circuit has stated that Rule 7(c)(1) "necessarily contemplates that two or

more acts, each one of which would constitute an offense standing alone, may be joined in a single count without offending the rule against duplicity." *Id.*

Section 1513(b)(2) provides three means of committing witness retaliation— causing bodily injury to another person, damaging the tangible property of another person, or threatening to do either of those. Count One of the superseding indictment alleges Harris committed witness retaliation by two different means—damaging A.V.'s tangible property and threatening to cause bodily injury to A.V. Harris does not dispute that Count One charges "two very different *ways* of intimidation." (Def.'s Reply Br. at 1, Docket # 134) (emphasis added). And Harris does not address the Seventh Circuit's very clear case law that a count is not duplicitous when it charges the commission of a single offense by different means. This is exactly what Count One does. For this reason, it is recommended that Harris' motion to dismiss Count One be denied.

    2.    *Crime of Violence: Count Two*

Count Two charges Harris with discharge of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii). The predicate offense for Count Two is the witness retaliation charge in Count One. Harris argues Count Two must be dismissed because witness retaliation is not a "crime of violence" as defined in 18 U.S.C. § 924(c)(3).

Section 924(c)(3) defines the term "crime of violence" as an offense that is a felony and that (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of

committing the offense. 18 U.S.C. § 924(c)(3). Paragraph (A) is often referred to as the elements clause and paragraph (B) as the residual clause.

Harris argues that the law around § 924(c) is "in a state a flux," with "many courts finding that the residual clause of 924 is unconstitutionally vague." (Def.'s Br. at 3.) Harris further argues that the predicate offense must be a felony involving violent force, arguing "simple battery will not suffice," citing *Johnson v. United States*, 559 U.S. 133, 140-43 (2010). (Def.'s Reply Br. at 2.) Harris argues that a simple act of vandalism, such as keying a car, does not meet the requirement of "violent force." (*Id.* at 2-3.)

The government argues that I need not address the residual clause of § 924(c)(3)(B) because § 1513(b) qualifies as a crime of violence under the elements clause of § 924(c)(3)(A). (Gov't Resp. at 5 n.2, Docket # 132.) The government argues that witness retaliation under § 1513(b) occurs if a person knowingly engages in conduct that (1) causes bodily injury, (2) damages the tangible property of another person, or (3) threatens to do either. (*Id.* at 6.) The government further argues that the degree of injury or harm required by the statute need not be significant. (*Id.* at 7.) Finally, the government cites to *United States v. Bowen*, 228 F. Supp. 3d 1204 (D. Colo. 2017) in support of its position.

In *Bowen*, a 28 U.S.C. § 2255 case, the defendant challenged the use of retaliation against a witness and the conspiracy to retaliate as predicate crimes of violence for a § 924(c) conviction. *Id.* at 1206. Specifically, the defendant argued that neither of the two predicate offenses, retaliation against a witness and conspiracy to retaliate against a witness, fit the definition of a crime of violence under the elements clause of § 924(c)(3)(A). *Id.* The defendant further argued that the residual clause is void for vagueness based on *Johnson v.*

*United States*, 135 S. Ct. 2551 (2015), which found a "somewhat similar" provision in the Armed Career Criminal Act unconstitutionally vague. *Id*.

Although the court ultimately disposed of the case as untimely, the court considered whether witness retaliation under § 1513(b) constituted a crime of violence under § 924(c)(3)(A). The court applied the categorical approach, where the court looks to the elements of the predicate conviction, rather than to the specific conduct giving rise to that conviction. In so doing, the court found that § 1513(b) includes as elements the requirement that the defendant "knowingly engaged in any conduct and thereby causes bodily injury to another person or damages the tangible property of another person, or threatens to do so." The court found that § 1513(b) does not provide alternative versions of this crime with alternative elements. The court found that witness retaliation as defined in § 1513(b) "includes as a necessary element 'the use, attempted use, or threatened use of physical force against the person or property of another,' as required by § 924(c)(3)(A)." *Id.* at 1207. The court found that the defendant's conviction for witness retaliation "readily falls within the elements clause of § 924(c)(3)(A). Thus, that conviction constitutes a crime of violence as defined in § 924(c)(3)(A)." *Id*.

Harris argues that because the *Bowen* court's conclusion that § 1513(b) was a crime of violence under § 924(c)(3)(A) was not the holding of the case, I should not consider it. Although the court's ultimate conclusion in the case was that the motion to vacate sentence was untimely, I agree with the court's analysis of witness retaliation as a crime of violence. As the court found, the elements clause of § 924(c)(3)(A) addresses a felony offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another. Section 1513(b) applies when one knowingly engages in conduct and

(1) causes bodily injury to another person, (2) damages the tangible property of another person, or (3) threatens to do so. Witness retaliation as defined in § 1513(b) includes as a necessary element "the use, attempted use, or threatened use of physical force against the person or property of another." In other words, one cannot cause bodily injury or damage to property without the use of physical force. Thus, witness retaliation is a crime of violence under the elements clause and the residual clause need not be addressed.

The crux of Harris' argument is the degree of physical force necessary to constitute a crime of violence under § 924(c)(3)(A). Again, Harris argues, citing *Johnson*, that violent force is required, which necessarily excludes "simple acts of vandalism," such as keying a car. *Johnson* addressed the term "violent felony" under the Armed Career Criminal Act. The term "violent felony" is defined, in pertinent part, as a crime punishable by imprisonment for a term exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B). The *Johnson* Court specifically noted that "[w]e think it clear that in the context of a statutory definition of '*violent* felony,' the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." 559 U.S. at 140 (emphasis in original). Even in the context of a "violent felony," however, the Court reasoned that while the "merest touch" does not constitute "physical force," it "might consist, for example, of only that degree of force necessary to inflict pain—a slap in the face, for example." *Id.* at 143. It stands to reason, then, that vandalism, such as keying a car, would constitute sufficient "physical force" against the property of another. Of course, for any such vandalism, as used in Harris' example, to qualify as a crime of violence under § 924(c)(3), it would also need to meet the felony requirement.

But returning from the hypothetical to the case at hand, the predicate charge at issue is witness retaliation under § 1513(b). As discussed above, because § 1513(b) includes as a necessary element the use, attempted use, or threatened use of physical force, it qualifies as a crime of violence under the elements clause of § 924(c)(3), specifically § 924(c)(3)(A). For these reasons, I recommend Harris' motion to dismiss Count Two be denied.

**NOW, THEREFORE, IT IS RECOMMENDED** that the Harris' motion to dismiss (Docket # 130) be **DENIED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of the recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 3rd day of July, 2018.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge