# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                     Plaintiff,

v.

DERRICK L. HARRIS,

                     Defendant.

Case No. 17-CR-167-2-JPS

**ORDER**

      Defendant Derrick L. Harris ("Harris") is charged in a two-count superseding indictment with offenses relating to retaliating against a police informant. (Docket #123). Before the Court is the July 3, 2018 report and recommendation of Magistrate Judge Nancy Joseph as to Harris' motion to dismiss the superseding indictment, which she recommends should be denied. (Docket #138). Harris filed an objection thereto on July 9, 2018. (Docket #140). The objection is now fully briefed and, for the reasons stated below, it will be overruled.

**1.     RELEVANT FACTS AND PROCEDURAL HISTORY**

      On the evening of August 8, 2017, Harris and his co-defendants Jose Lazcon ("Lazcon"), Michael Bonds ("Bonds"), and Rashawn Bumpus ("Bumpus") were patrons at Cham Tap in Mount Pleasant, Wisconsin. Eventually, the four men encountered AV1, a confidential informant in the case of *United States v. Tirado*, 16-CR-168-LA (E.D. Wis.), at the tavern. Contentious argument ensued in several interconnected episodes occurring inside the bar and outside in the parking lot.

      Eventually, it happened that AV1, having driven away from the bar, passed back by it in his car while Defendants were in the parking lot. Harris,

who had armed himself with a handgun during the course of the evening, shot at AV1's car as it passed. The government contends that AV1's car was struck on the rear driver's side door by the bullet. Harris, however, asserts that he only fired a warning shot into some nearby treetops. Harris believes the damage to AV1's car is consistent with blunt force, not a bullet. Further, Harris contends that he was acting only in self-defense and had no idea that AV1 was an informant.

On October 3, 2017, the grand jury returned a three-count indictment against Harris and his co-defendants. Harris was charged with conspiracy to engage in conduct that caused damage to the tangible property of AV1 and threatened to cause bodily injury to AV1, in retaliation against AV1 for providing information to law enforcement related to the *Tirado* drug conspiracy, in violation of 18 U.S.C. § 1513(f). (Docket #1 at 1). Harris was also charged with attempting to kill AV1 in retaliation for his providing information to law enforcement, in violation of 18 U.S.C. § 1513(a)(1)(B). *Id.* at 2. Finally, Harris was charged with discharging a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). *Id.* at 3.

On May 22, 2018, the grand jury returned a two-count superseding indictment against Lazcon and Harris. (Docket #123).[1] Count One charges both men with violating 18 U.S.C. § 1513(b)(2) when they knowingly engaged in conduct that caused damage to the tangible property of AV1 and threatened to cause bodily injury to AV1, in retaliation for AV1 acting as an informant in the *Tirado* matter. *Id.* at 1. Count Two charges both Defendants with discharging a firearm during a crime of violence—namely,

---

[1] Bonds and Bumpus have already pled guilty to the original indictment and have been sentenced. (Docket #104, #114).

retaliation against a police informant as charged in Count One—in violation of 18 U.S.C. § 924(c)(1)(A)(iii). *Id.* at 2.

Harris filed a motion to dismiss both counts of the superseding indictment on June 15, 2018. (Docket #130). He argued that the retaliation charge in Count One is impermissibly duplicitous and that the gun charge in Count Two cannot be premised on Count One, which he contends is not a crime of violence. After the motion was fully briefed, Magistrate Joseph issued her report and recommendation on July 3, 2018, recommending that Harris' motion be denied in full. (Docket #138). Harris objected to that recommendation insofar as the magistrate recommended not to dismiss Count Two. (Docket #140). He does not challenge Magistrate Joseph's determination as to Count One. *Id.* at 2–3. His objection is now fully briefed for this Court's consideration.

**2.     STANDARD OF REVIEW**

When reviewing a magistrate's recommendation, this Court is obliged to analyze *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.* The Court's review encompasses both the magistrate's legal analysis and factual findings. *Id.*; *see also* Fed. R. Crim. P. 59(b).

**3.     ANALYSIS**

As noted above, Harris does not challenge Magistrate Joseph's recommendation to deny his motion to dismiss as it pertains to Count One. The Court will, therefore, confine its review of the report and

recommendation to those portions that pertain to Count Two.[2]

### 3.1 Magistrate Joseph's Report and Recommendation

Before Magistrate Joseph, Harris argued that the predicate offense for the firearms charge in Count Two—the Section 1513(b) retaliation offense charged in Count One—does not qualify as a crime of violence and so cannot form a predicate for a Section 924(c) offense. Section 924(c)(3) defines a "crime of violence" as an offense that is a felony and that (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. 18 U.S.C. § 924(c)(3). Paragraph (A) is known as the "elements" clause and paragraph (B) is the "residual" clause.

Magistrate Joseph, in reliance on *United States v. Bowen*, 228 F. Supp. 3d 1204 (D. Colo. 2017), found that a Section 1513(b) offense qualifies as a crime of violence under the elements clause. (Docket #138 at 4–8). This is because the crime of retaliating against an informant requires (1) bodily

---

[2]In his opening brief, Harris makes several specific arguments as to why he believes Magistrate Joseph erred. *See* (Docket #140 at 3). In closing, he alludes to other arguments "stated in his earlier pleadings." *Id.* The Court will not delve through the record to discern what those other arguments might be. The Court reviews a report and recommendation *de novo*, but only by reference to a party's "specific written objections." Fed. R. Crim. P. 59(b)(2). The Court has no independent duty to search out arguments that the aggrieved party does not raise. Indeed, failure to make objections "waives a party's right to review." *Id.* It is important to remember that the reason district judges enlist magistrate judges to issue reports and recommendations is to promote the efficient disposition of cases. If the Court had to review the original set of briefing plus the briefing on objections in every instance where a report and recommendation was created, it would only increase the workload of the Court with no discernable benefit. Thus, the Court confines its analysis to Harris' specific written objections.

injury to the informant, (2) damage to the tangible property of the informant, or (3) a threat to do either. *Id.* at 7. Consequently, one cannot commit this offense without the use, attempted use, or threatened use of physical force against the person or property of another, as required by Section 924(c)(3)(A). *Id.*; *Bowen*, 228 F. Supp. 3d at 1207.

According to the magistrate, Harris placed too much emphasis on his belief that a small amount of physical force should not qualify under the elements clause. (Docket #138 at 7). He relied on *Johnson v. United States*, 559 U.S. 133 (2010), which examined the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The ACCA uses the term "violent felony," which is defined, in pertinent part, as a crime punishable by imprisonment for a term exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B). In *Johnson*, the Supreme Court observed that "[w]e think it clear that in the context of a statutory definition of '*violent* felony,' the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson*, 559 U.S. at 140 (emphasis in original). Nevertheless, while the "merest touch" does not constitute "physical force," it does not follow that a great deal of force is needed; instead, qualifying physical force "might consist, for example, of only that degree of force necessary to inflict pain—a slap in the face, for example." *Id.* at 143.

Applying that reasoning to the "crime of violence" analysis in this case, Magistrate Joseph concluded that only such physical force as is necessary to cause some modicum of damage to the property of another is sufficient for purposes of Section 924(c). (Docket #138 at 7). Section 1513(b) requires no less than a modicum of damage to a person's property or a

threat of the same, and so it passes the *Johnson* test. *Id.* The magistrate stated, "[i]t stands to reason. . .that vandalism, such as keying a car, would constitute sufficient 'physical force' against the property of another" for purposes of Section 924(c)(3)(A). *Id.* Thus, she concluded that Section 1513(b) is a viable predicate offense for Section 924(c). *Id.*

### 3.2 Harris' Objections

Harris believes that Magistrate Joseph erred in finding that a Section 1513(b) offense can qualify as a Section 924(c) predicate. He makes several specific arguments toward that end, none of which have merit.

First, Harris observes that the reasoning in *Bowen*, upon which Magistrate Joseph relied, was mere dictum. (Docket #140 at 3). This is true, but irrelevant; this Court is clearly not bound even by the holding of *Bowen*, which is from a sister district court. *Bowen* is useful only insofar as it is persuasive, and on that basis Magistrate Joseph and this Court are entitled to rely upon it.

Second, Harris notes that no federal decision other than *Bowen* has addressed whether a Section 1513(b) offense can qualify as a predicate under Section 924(c). This too may be true, but as Magistrate Joseph demonstrated, the text of Section 1513(b) compels the conclusion she ultimately drew. Precedent on the point might have been helpful, but courts must apply the plain language of a statute when called upon to do so even in the first instance. *Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004) ("It is well established that 'when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.'") (quoting *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000)). Moreover, several Courts of Appeal have allowed a retaliation offense

under Section 1513(b) to serve as a Section 924(c) predicate without comment, although admittedly they were not called upon to decide the question. *See, e.g.*, *United States v. Vaughn*, 267 F.3d 653, 655 (7th Cir. 2001); *United States v. Calvert*, 511 F.3d 1237, 1240 (9th Cir. 2008); *United States v. Hall*, 281 F. App'x 809, 811 (10th Cir. 2008).

Third, Harris asserts that a Section 1513(b) offense cannot serve as a Section 924(c) predicate because it can be committed without any actual damage to property, nor does a threat need to be actually transmitted to the informant. On this point, his premise is correct; Section 1513(b) does not require that any property or person actually be damaged, or that a threat of injury or property damage in fact be communicated to the intended victim. *United States v. Edwards*, 321 F. App'x 481, 485 (6th Cir. 2009).

The problem is that his conclusion does not follow from that premise. Harris relies upon *United States v. Cardena*, 842 F.3d 959, 998 (7th Cir. 2016), in which the Seventh Circuit concluded that the Illinois kidnapping statute could not serve as a Section 924(c) predicate because it is possible to commit that offense without the use of actual or threatened physical force. Harris reasons that Section 1513(b), like the Illinois kidnapping statute, can be violated without the use or threat of force, and that possibility renders it unavailable as a Section 924(c) predicate.

His argument ignores key differences between the statute considered in *Cardena* and Section 1513(b). The Illinois statute defined kidnapping as when a person knowingly

> (1) and secretly confines another against his or her will;
>
> (2) by force or threat of imminent force carries another from one place to another with intent secretly to confine that other person against his or her will; or

(3) by deceit or enticement induces another to go from one place to another with intent secretly to confine that other person against his or her will.

720 ILCS 5/10-1.

The Seventh Circuit explained that ordinarily one analyzes whether an offense qualifies as a "crime of violence" by looking at its statutory elements and determining whether the offense has the use or threat of force as an element. *Cardena*, 842 F.3d at 997. This is the "categorical" approach. *Id.* Sometimes, however, courts can look beyond the statute to certain evidence concerning the defendant's actual conduct. *Id.* This is only allowed when the statute in question is "divisible"—that is, the statute sets out alternative elements of an offense. *Id.* This is known as the "modified categorical" approach. *Id.* Importantly, a court may not adopt the modified categorical approach if the statute merely lists alternative means of satisfying one element of an offense rather than alternative elements of the crime. *Id.*; *Mathis v. United States*, 136 S. Ct. 2243, 2253 (2016).

In the case of the Illinois kidnapping statute, the Seventh Circuit noted that kidnapping by "deceit or enticement" did not involve the use or threat of force. *Cardena*, 842 F.32d at 997. Thus, under the categorical approach, a kidnapping offense could not qualify as a crime of violence. *Id.* But this was not the end of the analysis, for the Court of Appeals found that the statute was in fact divisible, since it listed three distinct ways to commit the offense of kidnapping. *Id.*

For that reason, the Court of Appeals was free to examine the charging document and jury instructions to discern the particular theory of kidnapping with which the defendant was charged. *Id.* If that theory

involved the use or threat of force, then the offense could qualify under Section 924(c). *Id.* But in *Cardena*, the charging document and jury instructions included all three types of kidnapping, so there was no greater specificity to be gleaned as to the theory of the defendant's liability. *Id.* at 998. Thus, the kidnapping offense could not be used as a Section 924(c) predicate in that instance. *Id.*

Here, by contrast, one cannot credibly theorize a way to violate Section 1513(b) without the use or threat of force, whether one adopts the categorical or modified categorical approach. First, the categorical approach. As explained above, one commits informant retaliation by "knowingly engag[ing] in any conduct" and thereby (1) causing bodily injury to the informant, (2) causing damage to the tangible property of the informant, or (3) threatening to do either. 18 U.S.C. § 1513(b). Assessing the elements of the offense set forth in the statute, one cannot escape the conclusion that causing bodily injury involves the use of force, as does cause damage to a person's property. Similarly, threatening to do either of these things involves the threat of force. No matter how one parses this language, force or the threat of force is an element of the crime.

Furthermore, Magistrate Joseph was correct to conclude that Section 1513(b) satisfies *Johnson*'s quantum-of-violence requirement. There, the Supreme Court opined that a "violent felony" must involve "violent" force, but cautioned that even a slap in the face would be sufficient. *Johnson*, 559 U.S. at 143. So too, here, felony vandalism to the property of another, or the threat thereof, is enough. The dollar value of the damage need not be significant.

In this way, Section 1513(b) is analogous to Hobbs Act robbery, defined in relevant part as the taking of personal property "by means of

actual or threatened force, or violence, or fear of injury, immediate or future, to [a] person or [his] property." 18 U.S.C. § 1951(b)(1). The Court of Appeals has squarely held that this offense qualifies as a crime of violence under Section 924(c) because it "necessarily requires using or threatening force." *United States v. Anglin*, 846 F.3d 954, 965 (7th Cir. 2017), *overruled on other grounds*, *Dean v. United States*, 137 S. Ct. 1170 (2017). The Seventh Circuit rejected the suggestion that robbery can be accomplished by intimidation alone, without the specter of force, since intimidation itself puts the victim in fear of bodily harm. *Id.* Applying that reasoning here, informant retaliation undoubtedly involves using or threatening force, even if the threat was never carried out or the informant never heard the threat.

While Section 1513(b) satisfies the demands of the categorical approach, it is more probable that, as in *Cardena*, the modified categorical approach would be applicable, as Section 1513(b) defines three ways to commit witness retaliation, not three means by which to satisfy one element of that offense. *Mathis*, 136 S. Ct. at 2253. Because Section 1513(b) is divisible in this way, it can be analyzed by reference to a limited category of documents that shed light on the specific theory of Harris' offense. Here, that includes the superseding indictment, which demonstrates that Harris is being charged with informant retaliation by causing damage to AV1's property and threatening to cause him bodily injury. (Docket #123 at 1). Having defined the relevant offense in this narrower way, the Court is again obliged to conclude that the crime with which Harris is charged satisfies the definitional requirements of Section 924(c)(3)(A) and the violence requirement contemplated in *Johnson*.

Harris appears to reason that although a violation of Section 1513(b) does not require the communication of a threat or any actual property

damage, a "crime of violence" does require one or both of these things. He is mistaken. Although a qualifying threat under Section 1513(b) need not be communicated to the victim, and no actual damage need result, it remains that the use or threat of violent force is an element of a Section 1513(b) offense.

Harris conflates two separate analyses. For example, consider a situation in which a person threatens to blow up an informant's home. The threat is not actually communicated to the informant. Harris would say that although the amount of force involved would qualify under Section 924(c), the fact that the threat was not communicated to the informant undermines its "violent" nature under *Johnson*. Yet Section 924(c) is concerned only with the level of violence contemplated by an offense; the question about communicating the threat bears on whether the person actually committed the offense of informant retaliation. What matters for purposes of Section 924(c) and *Johnson* is that this threat involved a minimum quantum of "violence." *See United States v. Duncan*, 833 F.3d 751, 756 (7th Cir. 2016) ("A fear of a slap in the face is sufficient under [*Johnson*]."). Any offense under Section 1513(b) would meet this standard.

Because the Court finds that Count One of the superseding indictment qualifies as a predicate for Count Two under the elements clause, it need not address the parties' alterative arguments pertaining to the applicability of the residual clause.

4. **CONCLUSION**

Magistrate Joseph's report and recommendation on Harris' motion to dismiss is thoughtful and well-reasoned. Harris' objections thereto are without merit. Consequently, the Court will overrule the objections and adopt the report and recommendation in full.

Accordingly,

**IT IS ORDERED** that Defendant Derrick L. Harris' objection to Magistrate Judge Nancy Joseph's July 3, 2018 Report and Recommendation (Docket #140) be and the same is hereby **OVERRULED**;

**IT IS FURTHER ORDERED** that Magistrate Judge Nancy Joseph's July 3, 2018 Report and Recommendation (Docket #138) be and the same is hereby **ADOPTED in full**; and

**IT IS FURTHER ORDERED** that Defendant Derrick L. Harris' motion to dismiss the superseding indictment (Docket #130) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 3rd day of August, 2018.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge